IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  
CRESCENT CITY PO BOYS, LLC,

    Debtor.

CASE NO. 18-01977-RM3-7  
CHAPTER 7  
JUDGE Randal S Mashburn

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: April 18, 2018.**  
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: May 8, 2018 at 9:00 a.m., Courtroom I, Second Floor, Customs House, 701 Broadway Nashville, TN 37203.**

### TRUSTEE'S NOTICE OF MOTION TO SELL PROPERTY

Michael Gigandet, the Chapter 7 trustee, has asked the court for the following relief: TO SELL PROPERTY

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion, or if you want the court to consider your views on the motion, then on or before April 18, 2018, you or your attorney must:

1.   File with the court your written response or objection explaining your position at:

   By Mail:   U.S. Bankruptcy Court, 701 Broadway, Room 160, Nashville, TN 37203  
   In Person:  U.S. Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN 37203

2.   **Your response must state that the deadline for filing responses is April 18, 2018, the date of the scheduled hearing is May 8, 2018 and the motion to which you are responding is trustee's motion to sell property.**  
   If you want a file stamped copy returned, you must include an extra copy and a self-addressed, stamped envelope.

3.   You must also mail a copy of your response to:  
   Michael Gigandet, Trustee, 208 Centre Street, Pleasant View, TN 37146  
   U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203  
   Debtor, Crescent City Po Boys, Llc,  1482 Boardwalk Pl  
   Gallatin, TN 37066  
   Debtor's Attorney, CHRISTOPHER MARK KERNEY, 102 A PUBLIC SQUARE, GALLATIN, TN 37066

If a timely response is filed, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's Office at 615-736-5584 or viewing the case on the Court's web site at <www.tnmb.uscourts.gov>. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy procedure.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: March 28, 2018                    Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**

_____
Michael Gigandet, Trustee #11498
208 Centre Street
Pleasant View, TN 37146
615-746-4949
michael@mgigandet.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  
CRESCENT CITY PO BOYS, LLC,

　　Debtor.

CASE NO. 18-01977-RM3-7  
CHAPTER 7  
JUDGE Randal S Mashburn

# TRUSTEE'S MOTION TO SELL PROPERTY

　　Comes now Michael Gigandet, the duly appointed Chapter 7 trustee, and moves this Court for an order to sell property of the debtor as outlined below:

**DESCRIPTION OF PROPERTY**: Inventory including, 2 ice makers, deep fryers, gas range & grill, stainless steel tables, tea urns, assortment of cooking utensils, meat slicer, stainless shelving and tables and chairs

**DATE AND TIME:** Immediately after objection period

**TYPE OF SALE:** Private sale to Spencer Wakefield and Brad Singleton dba Prince Street Pizza, 123 E. Prince St., Gallatin, TN 37066

**TERMS OF SALE:** $6,000.00 cash.  (This valuation considers and avoids significant expenses to the estate.  The landlord is waiving any lien claim to sale proceeds to expedite this sale to the buyer.  This sale in place also avoids the expense of moving these assets.)

**LIENS:** There are no liens on this asset.

ANY VALID AND PROPER LIEN WILL ATTACH TO THE PROCEEDS OF THE SALE.  TRUSTEE WILL CONVEY TO BUYER BY APPROPRIATE INSTRUMENT, THE RIGHT, TITLE AND INTEREST THAT TRUSTEE HAS THE RIGHT TO CONVEY.  PROCEEDS OF THE SALE WILL BE SUBJECT TO AGENT FEES AND EXPENSES, IF ANY, AND ATTORNEY FOR TRUSTEE FEES AND EXPENSES.

　　**Debtor's Statutory Exemption**:  The debtor has no exemption rights in this property.

　　The trustee is verifying with both the Internal Revenue Service and the Tennessee Dept. of Revenue that they have no secured tax liens against this debtor.

　　The purchaser, who is going to rent the debtor's former business premises, is not an insider of the debtor as defined in 11 U.S.C. Section 101(31). The sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyer is purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m).

The sale of the property is being made free and clear of any interest in the property held by an entity other than the estate pursuant to 11 U.S.C. Section 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

Any party who objects to the motion to sell must file any response or objection electronically pursuant to the 9013 Notice of this Motion to Sell that has been filed and served with this motion. In the absence of a timely filed objection to this Motion to Sell, or, in the absence of a timely upset bid (as detailed below) the court may enter an order approving this Motion to Sell without further notice or hearing.

Any party interested in purchasing the property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court, United States Trustee, and Chapter 7 Trustee (at the address listed below) within the time set by the 9013 notice (or by the Bankruptcy Clerk if filed under LBR 9075). The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the Alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability to consummate the proposed purchase at the Alternative Minimum Bid price. The deadlines set forth in this paragraph concerning objections to a proposed sale by an Upset Bidder supercede those provided in Fed. R. Bankr.P. 6004(b).

The Alternative Minimum Bid is $17,500. (This takes into consideration the landlord's right to claim a post-petition lien against the estate of approximately two months rent. Also, this bid covers the estate's cost of removing the property.)

If a qualified Alternative Minimum Bid is timely received by the Trustee, the debtor will have 15 days within which specifically identify his exempt property, and that property will be removed from any sale and be retained by the debtor as exempt property. The Alternative Minimum Bid will then be reduced by the value of the specifically claimed exempt property. The Trustee shall then conduct a private auction for the remaining property, at a time, place and manner that is determined by the Trustee. The Trustee will file a notice of the auction time and place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the auction is concluded. In the event the Winning Bidder is different from the Buyer identified in this Motion to sell, the Trustee shall ascertain whether the Winning

Bidder is an insider of the debtor, whether the sale represents an arms-length transaction between the parties, made without fraud or collusion, and whether there has been any attempt by either party to take an unfair advantage of the other such that the Winning Bidder may be deem to be purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m). The Trustee shall state these factual findings in any order approving the Motion to Sell that is submitted to the Court. The Court may, in its discretion, hold a separate hearing to make the findings required to approve the sale pursuant to Section 363(m).

If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to object to the Trustee's selection of the Winning Bidder. The Trustee shall notify the Court of the objection to the Trustee's selection of the Winning Bidder and the Court shall hold a hearing on the objection.

If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

The Trustee reserves the right to: (1) impose, at or before the auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time before or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

It is anticipated that there is sufficient equity in the property to pay all 506(c) expenses.

WHEREFORE, the Trustee requests that the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

1. Authorizes the Trustee to sell the Property;

2. Approves the sale of the Property pursuant to 11 U.S.C. Section 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3. Declares that all liens against the Property attach to the proceeds of the sale;

4. Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority; (3) the satisfaction of

any co-owner's interest; and (4) the satisfaction of the debtor's exemption in the property.

5. Waiving the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

6. And for such other relief as the Court may deem proper.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**
_____
Michael Gigandet, #011498
208 Centre St.
Pleasant View, TN 37146
615-746-4949
Fax: 615-746-4950
michael@mgigandet.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been forwarded by U. S. Mail, 1st class postage prepaid, to the U. S. Trustee's Office, 318 Customs House, 701 Broadway, Nashville, TN 37203, to the debtor(s), to the debtor's attorney and to all creditors and all interested parties, per the mailing matrix attached to and filed with the original of this document, on this the 28th day of March, 2018.

**/s/ Michael Gigandet**
_____
Michael Gigandet, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                      CASE NO. 18-01977-RM3-7
CRESCENT CITY PO BOYS, LLC,        CHAPTER 7
                                                JUDGE Randal S Mashburn

     Debtor.

## **PROPOSED ORDER TO SELL PROPERTY**

Upon the notice and motion of Michael Gigandet, the Chapter 7 trustee, to sell the debtor's inventory listed on the motion to sell, notice having been given pursuant to LR 9013-1, and no objection filed thereto within the time required;

It is therefore **ORDERED, ADJUDGED and DECREED** that the trustee's motion to sell the debtor's inventory, free and clear of liens shall be and is hereby granted.

**ENTERED** this the ____ day of _____, 2018.

                                                           _____
                                                           U.S. BANKRUPTCY JUDGE

APPROVED FOR ENTRY:

**LAW OFFICE OF MICHAEL GIGANDET**

_____
Michael Gigandet, Trustee #11498
208 Centre St.
Pleasant View, TN 37146
(615) 746-4949
Fax: (615) 746-4950
michael@mgigandet.com

| | | |
|---|---|---|
| ASCAP<br>21678 Network Place<br>Chicago IL 60673-1216 | BMI<br>PO Box 630893<br>Russia OH 45363 | CHRISTOPHER MARK KERNEY +<br>KERNEY LAW OFFICE<br>102 A PUBLIC SQUARE<br>GALLATIN, TN 37066-2803 |
| Crescent City Po Boys, LLC<br>1482 Boardwalk PL<br>Gallatin, TN 37066-3487 | Davidson County General Sessions<br>PO Box 196300<br>Nashville TN 37219-6300 | First Data Merchant Services<br>116 Canton Rd NE<br>Marietta GA 30060 |
| Green Capital Funding, LLC<br>53 Mason St<br>Greenwich CT 06830-5427 | Joshua Isble<br>1482 Boardwalk PL<br>Gallatin TN 37066-3487 | Kroger Check Recovery Center<br>PO Box 30650<br>Salt Lake City UT 84130-0650 |
| Midland Properties<br>440 N Water Ave<br>Gallatin TN 37066-2306 | SESAC<br>PO Box 5246<br>New York NY 10008-5246 | State of Tennessee<br>Dept of Revenue<br>500 Deaderick St<br>Nashville TN 37242-0002 |
| Swift Financial<br>3505 Silverside Rd<br>Wilmington DE 19810-4905 | Synovus Bank<br>PO Box 105233<br>Atlanta GA 30348-5233 | Sysco Nashville, LLC<br>c/o John R. Cheadle, Jr.<br>2404 Crestmoor Rd<br>Nashville TN 37215-2006 |
| Time Payment Corp<br>1600 District Ave<br>Ste 200<br>Burlington MA 01803-5233 | US TRUSTEE +<br>OFFICE OF THE UNITED STATES TRUSTEE<br>701 BROADWAY STE 318<br>NASHVILLE, TN 37203-3966 | WHPY Hippie Radio 94.5<br>Kensington Digital Media<br>49 Music Square W, Ste 300<br>Nashville TN 37203-3232 |